

FILED

JAN - 4 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| BYRON L. SCOTT, | Case No. EDCV 11-2017-R (MLG) |
| Petitioner, | MEMORANDUM AND ORDER DENYING MOTION TO AMEND AND DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. |  |
| L. SCOTT MCEWEN, Warden, |  |
| Respondent. |  |

## I.    Factual and Procedural Background[1]

Petitioner is a state prisoner currently incarcerated at the California State Prison in Calipatria, California.  He filed this petition, entitled a motion for leave to file an amended petition, on December 20, 2011. Petitioner asserts that he is seeking to amend a habeas corpus petition filed in 2004, which was dismissed by this Court on April 15, 2005, as untimely filed. *Scott v. Runnels*, Case No. EDCV 04-1274-R (Mc). More specifically, Petitioner now claims that because he is actually innocent[2] of the 1996 murder that he is challenging, he

---

[1] The facts and procedural history are taken from the Order Dismissing Successive Petition for Writ of Habeas Corpus in *Scott v. Small*, Case No. EDCV 10-0492-R (MLG).

[2] *See Lee v. Lampert*, 653 F.3d 929, 933-34 (9th Cir. 2011)(holding that actual innocence is a basis for invoking equitable tolling of limitations period.)

1  is entitled to equitable tolling of the one-year limitations period of

2  28 U.S.C. § 2254(d), and amendment of the 2004 petition is the

3  appropriate means to assert his right to equitable tolling.

4       For the reasons stated below, the Court cannot entertain a motion

5  to amend a petition in a case in which final judgment has been entered.

6  Moreover, construing this pleading as a new petition for writ of habeas

7  corpus challenging the state court judgment under which Petitioner is

8  currently serving a prison sentence, the petition must be dismissed as

9  successive under 28 U.S.C. § 2244(b)(3)(A), because it is the fourth

10  petition he has filed and approval for filing has not been obtained

11  from the court of appeals.

12       The record shows that in 1996, Petitioner was convicted of first

13  degree murder, residential burglary, and residential robbery in the San

14  Bernardino County Superior Court. Cal Penal Code §§ 187, 459, 211. He

15  was subsequently sentenced to a term of life without parole plus seven

16  years. The California Court of Appeal affirmed the judgment in November

17  1997. It does not appear that Petitioner filed an application for

18  review in the California Supreme Court following this decision by the

19  court of appeal.

20       On October 12, 2004, Petitioner filed a petition for writ of

21  habeas corpus in this Court challenging the 1996 convictions. *Scott v.*

22  *Runnels*, Case No. EDCV 04-1274-R (Mc). Respondent filed a motion to

23  dismiss the petition, contending that the petition was time-barred by

24  the 1-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A).

25  On April 15, 2005, this Court dismissed the petition with prejudice,

26  finding that it was untimely filed. The United States Court of Appeals

27  for the Ninth Circuit denied a certificate of appealability on

28  September 13, 2005.

1      On November 23, 2009, Petitioner filed his second petition for

2  writ of habeas corpus challenging the 1996 judgment. On December 2,

3  2009, this Court summarily dismissed the petition without prejudice,

4  finding that it was a successive petition within the meaning 28 U.S.C.

5  § 2244 and that Petitioner had failed to obtain approval from the court

6  of appeals before filing the petition. *Scott v. Small*, Case No. EDCV

7  09-2163-R (MLG).[3]

8      Then, on April 2, 2010, Petitioner filed his third petition for

9  writ of habeas corpus in this Court. *Scott v. Small*, Case No. EDCV 10-

10  0492-R (MLG). There, Petitioner again sought to challenge the same 1996

11  convictions and judgment presented in the petitions addressed in Case

12  Nos. EDCV 04-1274-R (Mc) and EDCV 09-2163-R (MLG), but raising four new

13  grounds for relief. That petition was dismissed without prejudice on

14  April 15, 2011, based upon the finding that it was a successive

15  petition withing the meaning of 28 U.S.C. § 2244(b)(3)(A). On August

16  11, 2010, the Ninth Circuit entered an order denying Petitioner's

17  request for a writ of mandamus and, construing the filing as a request

18  for leave to file a successive petition, denied that request.

19  Petitioner was advised that no petition for rehearing or

20  reconsideration would be entertained. *In re Scott*, Case No. 10-71463.

21      This filing followed. No matter how the pleading is construed,

22  relief is not available to Petitioner.

23  //

24

25  **II.  Discussion**

26

27      [3] Petitioner filed a request for leave to file a successive
petition in the United States Court of Appeals for the Ninth Circuit on

28  January 12, 2010. The request was denied on March 8, 2010. *Scott v. Small*, Case No. 10-70100.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that amendment of the 2004 petition is not available and that this Court lacks jurisdiction to review a new petition without authorization from the court of appeals. Accordingly, summary dismissal is warranted.

### A. Motion to Amend

To the extent that Petitioner seeks to amend the 2004 petition, that request must be denied. It is well established that once final judgment is entered in a case, a motion to amend can be entertained only if the judgment has been reopened by way of a motion for new trial or for relief from judgment under Fed.R.Civ.P. 59 and 60. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *see also* Jacobs v. *Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Judgment has not been reopened in the 2004 petition.

Moreover, the Court will not entertain a motion for relief from judgment, as Petitioner has failed to demonstrate any of the grounds which might warrant such relief.[4] Finally, it should be noted that

---

[4] Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment for the reasons given in one of six clauses. These include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ.

1  Petitioner has not alleged any facts showing "actual innocence" of the
2  underlying offense. Rather, he simply raises new claims of trial error,
3  this time allegations of prosecutorial misconduct, which would have
4  been apparent to him in 1996, when he was convicted. Thus, even if
5  Petitioner had filed a proper motion for relief from judgment, such
6  relief would not be available.

7         **B. Construed as a Petition for Writ of Habeas Corpus, the**
8              **Petition Must Be Dismissed as Successive**

9         While Petitioner has labeled the petition as a motion to amend,
10  the petition can be construed as a fourth direct challenge to the 1996
11  judgment of conviction entered by the state court. Under this
12  construction, the petition is governed by the provisions of the
13  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132,
14  110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other
15  things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a
16  second or successive application [for writ of habeas corpus] permitted
17  by this section is filed in the district court, the applicant shall
18  move in the appropriate court of appeals for an order authorizing the
19  district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).
20  Section 2244(b)(3)(A) explicitly provides that a second and/or
21  successive petition, like the one in this case, requires Ninth Circuit
22  approval before it can be considered by the district court. *Burton v.*
23  *Stewart,* 549 U.S. 147, 153 (2007). This Court must dismiss any second
24  or successive petition unless the court of appeals has given Petitioner
25  leave to file the petition because a district court lacks

26  _____

27  P. 60(b)(1)-(6). Motions based on the first three clauses must be
   brought within one year of the entry of judgment, while motions relying
   upon the fourth, fifth, or sixth clause must be brought "within a
28  reasonable time." *Hamilton v. Newland,* 374 F.3d 822, 825 (9th Cir.
   2004)(citing Rule 60(b)).

1 subject-matter jurisdiction over a second or successive petition.

2 *Burton,* 549 U.S. at 157.

3      A claim in a second or successive habeas petition which was not
4 previously presented may be considered if the petitioner shows that the
5 factual predicate for the claim could not have been discovered
6 previously through the exercise of reasonable diligence. 28 U.S.C. §
7 2244(b)(2)(B)(i). However, a petitioner is still required to seek
8 authorization from the court of appeals in order to have the district
9 court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes*
10 *v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent
11 that petitioner would like to show that he falls within one of the
12 exceptions to dismissal of successive habeas petitions, 28 U.S.C. §
13 2244(b)(2)(B), he must first present any such claim to the Court of
14 Appeals rather than to this Court.") This is so even if the dismissal
15 of the earlier petition was based upon the failure to comply with the
16 one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81
17 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to
18 comply with the one-year statute of limitations constitutes an
19 adjudication on the merits that renders future petitions under § 2254
20 challenging the same conviction 'second or successive' petitions under
21 § 2244(b)."); Reyes, 276 F.Supp.2d at 1029 (same).

22      This petition was filed without leave of the Ninth Circuit. Until
23 the Ninth Circuit authorizes the filing of a new habeas corpus
24 petition, this Court lacks jurisdiction to consider the merits. *See*
25 *Burton,* 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th
26 Cir. 2001). Accordingly, dismissal of the petition is required.

27

28 **III. Order**

1        In accordance with the foregoing, IT IS HEREBY ORDERED that the

2    petition is DISMISSED without prejudice. No additional motions for

3    amendment, reconsideration, rehearing, or other relief shall be

4    entertained relating to the 1996 judgment of conviction for murder.

5

6    Dated: _Jan. 3, 2012_

7

8

9    _____

10   Manuel L. Real
     United States District Judge

11

12   Presented by:

13

14   _____

15   Marc L. Goldman
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

7